**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ramon BETANCOURT–RODRIGUEZ, Defendant—Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Alphonso Nerber, aka Nerber Alfonso–Iglesia, Defendant—Appellant.**

**Nos. 01–30141, 01–30147.**
**D.C. No. CR–98–00756–TSZ.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2002.*

Decided Nov. 26, 2002.

Before REAVLEY,** KOZINSKI and W. FLETCHER, Circuit Judges.

MEMORANDUM***

Defendants' convictions for conspiring to possess, with intent to distribute, 500 grams or more of cocaine–a lesser included offense of the crime charged in Count I, *see Schmuck v. United States*, 489 U.S. 705, 715–16, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989)–were proper predicates for the substantive offense charged in Counts III and IV. *See* 18 U.S.C. § 924(c) (punishing "any person who, during and in relation to any ... drug trafficking crime ..., uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm"). There was thus no error, much less plain error. *See United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

21 U.S.C. § 841(b)(1)(B) is not facially unconstitutional. *See United States v. Buckland*, 277 F.3d 1173, 1177 (9th Cir. 2002) (en banc).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.